IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:20CR169 |
| vs. | |
| MARKESE L. DAVIS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant Markese L. Davis's Motion for Clarification. Filing No. 55. Davis was sentenced on February 25, 2021, to a term of twenty-four months incarceration with a recommendation that he be given credit for time served. Filing No. 31 at 2. Davis alleges that the Bureau of Prisons ("BOP") cannot calculate his credit for time served because the Court failed to specify in the Judgment the specific dates to be given credit for time served. Davis requests that the Judgment be corrected to specify that he be given credit for time served from January 2, 2020, until February 19, 2021.

The Court lacks authority to grant Davis's request. Computation of a sentence and credit for time served are governed by 18 U.S.C. § 3585. The computation of a sentence—including for time served—is left to the BOP, not the courts. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *see also Gibson v. Reese*, 55 Fed. Appx. 793, 2003 WL 262491 at *1 (8th Cir. Feb.10, 2003) ("Further, the BOP had authority to determine the amount of credit [the defendant] was to receive, and was not bound by the sentencing recommendation.") (citation omitted). The Supreme Court has explained that because district courts can only speculate about the time a defendant will spend in

detention prior to beginning a sentence, § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Thus, "[b]ecause the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing," the BOP must determine the credit when administering the sentence. *Id.* at 335.

In sum, the district court could not have ordered that Davis be given credit for specific dates because it is up to the BOP, and not the district court, to carry out defendant's sentence. Prisoners may seek administrative review of the Bureau of Prisons' credit determination. *Pardue,* 363 F.3d at 699; *see also* 28 C.F.R. §§ 542.10-19. After exhausting his adm/inistrative remedies Davis may seek judicial review by filing a habeas petition under 28 U.S.C. § 2241 in the district where he is confined. *Id.*; *see also United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

IT IS ORDERED that the Davis's motion (Filing No. 55) is denied.

Dated this 10th day of June, 2022.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Senior United States District Judge